**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANDREW MCCULLOUGH-EL           :

    Plaintiff                  :

v                              :    Civil Action No. JFM-07-484

COMMISSIONER OF DOC            :

    Defendant                  :

o0o

**MEMORANDUM**

Pending is plaintiff's request for injunctive relief. A similar request involving similar allegation prompted this court to order the State to respond. Paper No. 4. In light of the response, plaintiff's request for injunctive relief shall be denied.

The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony*


*Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

Plaintiff complains that he was forced to send legal materials out of the prison where he is confined, hindering his ability to litigate all of his pending lawsuits.  Paper No. 1.  Defendants explain that upon plaintiff's transfer from North Branch Correctional Institution (NBCI) to Jessup Correctional Institution (JCI, formerly Maryland House of Correction-Annex), it was noted that he had paperwork in excess of the 1.5 cubic feet of space permitted by Division of Correction Directive (DCD) 220-004.  Paper No. 4 at Ex. 1, p. 2.  Plaintiff was told to go through his papers and locate all papers pertaining to active legal cases so he could keep those documents with him.  *Id*.  Plaintiff agreed, removed the papers he needed and sent his excess property to an address of his choice.  *Id*.  Plaintiff now contends that he requires all legal papers in order to continue his litigation.  He also claims the reason he was forced to send some of his paperwork out was for purposes of retaliating against him for his litigiousness.

The evidence presented supports a non-retaliatory reason for requiring plaintiff to relinquish some of his paperwork.  In addition, plaintiff has not described any particular case or any particular legal work of which he is now deprived that requires his immediate attention.  He has failed to describe circumstances that present an imminent threat of irreparable harm to him.  Accordingly, the request for injunctive relief will be denied by separate order which follows.

<u>March 22, 2007</u>                                        <u>/s/                                    </u>
Date                                                                J. Frederick Motz
                                                                        United States District Judge